UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL CLYDE DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:11-cv-0088-JMS-WGH |
| ) | |
| OFFICER B. NEWMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Amend
and Motion to Substitute Defendant**

Plaintiff Michael Clyde Dixon alleges that on April 1, 2009, he was a passenger in a car that was stopped by Officers Brent Long and B. Newman. Dixon alleges that he was then arrested and while sitting in the back seat of a police car with his hands cuffed behind his back Officer Long choked him and Officer Newman tasered him. Dixon was not provided medical care for his injuries. This action is brought pursuant to 42 U.S.C. § 1983.

**I.**

The court has considered Dixon's request to file an amended complaint to add the City of Terre Haute and the Terre Haute Police Department as defendants.

The proposed amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). AAccordingly, the court will screen the proposed amended complaint, and grant the plaintiff's motion to file an amended complaint to the extent the claims presented therein are capable of surviving a dismissal motion pursuant to Fed.R.Civ.P. 12(b)(6).@ *Zimmerman v. Hoard,* 5 F.Supp.2d 633, 635 (N.D.Ind. 1998). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).).

The proposed amended complaint fails to state a claim upon which relief may be granted as to the City of Terre Haute and the Terre Haute Police Department. This conclusion is based on the following facts and circumstances:

- To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The pertinent constitutional provision implicated by Dixon's allegations is the Fourth Amendment prohibition against unreasonable searches and seizures. *Graham v. Connor,* 490 U.S. 386, 395 (1989)("*all* claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard") (emphasis in original).

- The Terre Haute Police Department is not a "person" subject to suit under § 1983. Thus any claim against the Terre Haute Police Department must be dismissed.

- The City of Terre Haute is a "person" subject to suit, *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978), but the complaint lacks sufficient factual content to draw the reasonable inference that the City of Terre Haute could be liable for the alleged misconduct of the defendant police officers. *Id.*, at 690-91 (municipality may be liable under § 1983 only if the plaintiff presents evidence that a county policy, widespread practice, or custom caused his injuries). *Auriemma v. Rice,* 957 F.2d 397, 400 (7th Cir. 1992)("Liability for unauthorized acts is personal; to hold the municipality liable, *Monell* tells us, the agent's action must implement rather than frustrate the government's policy."). Dixon has alleged no municipal policy or custom concerning any constitutional violations. Thus, he has failed to state a claim upon which relief can be granted as to the City of Terre Haute or its police department.

Accordingly, the motion to amend the complaint [dkt 38] is **denied**. Although Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend shall be freely given "when justice so requires," a district court may deny a plaintiff leave to amend if "there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Park v. City of Chi.,* 297 F.3d 606, 612 (7th Cir. 2002) (citing *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir. 1993)). Here, the proposed amendment to add the City of Terre Haute and the Terre Haute Police Department as defendants would be futile, so the court will not permit them. *See Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.").

## II.

The plaintiff's motion to substitute the Terre Haute Police Department of the City of Terre Haute, Indiana, Vigo County for defendant Officer Brent Long (deceased) pursuant to Federal Rules of Civil Procedure 25(a)(1) [dkt 36] is **denied**. As explained above, the Police Department is not a proper party to the claims alleged in the complaint, and neither is it a proper substitute for Officer Long who was sued in his individual capacity. This latter proposed substitution is based on the fact that the Terre Haute Police Department was Officer Long's employer at the time of his death, but that relation is not a valid basis on which to make the Police Department Officer Long's successor in interest.

Consistent with the Entry of October 11, 2011, and with the foregoing, Officer Brent Long is dismissed as a party. *Atkins v. City of Chicago,* 547 F.3d 869, 872 (7th Cir. 2008).

The clerk shall update the docket to reflect that Officer Long is dismissed from this action.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 04/04/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Michael Clyde Dixon
DOC #862007
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Mark Douglas Hassler
hassle@huntlawfirm.net

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**